## GRAY v. LITTLE.

(December 4, 1900.)

1. *Damages—Compensatory—Punitive—Death by Wrongful Act—Mal-practice—Physicians—Surgeons.*

The Code, secs. 1498 and 1499, restrict the recovery for malpractice to compensatory damages.

2. *Evidence—Re-trial—Former Appeal.*

The opinion in a former appeal is not competent evidence on a re-trial of the case.

3. *Costs—Appeal—Transcript.*

Where appellant inserts unnecessary matter in the transcript, against the objection of the appellee, the costs thereof will be taxed against the appellant.

CIVIL ACTION by John Gray, administrator of the estate of Katie Gray, against H. McD. Little, heard by *A. L. Coble* and a jury, at August Term, 1900, of ALEXANDER Superior Court. From judgment for plaintiff, the defendant appealed.

*B. F. Long, J. L. Gwaltney, F. A. Linney,* and *J. H. Burke,* for the plaintiff.

*R. Z. Linney, B. B. Burke,* and *J. B. Connelly,* for the defendant.

CLARK, J. This is an action by plaintiff, as administrator of his wife, for damages by reason of the death of his intestate, caused by the malpractice of the attending physician, the defendant. The exception for submitting an issue as to punitive damages, the admission of evidence to prove the same, and the instruction thereon, must be sustained Code, secs. 1498, 1499 (originally Laws 1868-'69, c. 113,

secs. 70, 71), which conferred the right to recover in such cases, restrict the recovery to compensatory damages. The statute is explicit and unambiguous, and it has been uniformly held that only compensatory damages could be recovered. The learned Judge below was misled by what was said by this Court on the former appeal. 126 N. C., 385. That appeal came up from an instruction of the trial Judge that, if the death of the intestate was only accelerated by the malpractice and negligence of the defendant, the plaintiff was not entitled to recover compensatory damages, but only nominal damages. The opinion of the Court discussed this proposition, and found it erroneous, and said, "There must be a new trial as to the issue of damages only;" but by inadvertence in the opinion it is said, "There was error in refusing the prayer for instruction." That prayer contained an instruction that plaintiff could recover not only compensatory, but punitive, damages; but punitive damages are not discussed or referred to in the opinion, and it was a sheer inadvertence that the refused prayer for instruction is referred to, instead of the instruction given, which alone had been discussed in the opinion. It is our duty to correct the inadvertence. It was also error to admit the opinion in the former appeal as evidence. This point is so clearly stated by *Bynum, J.*, in *State v. Smallwood,* 78 N. C., 560, that we content ourselves with a reference thereto. On this appeal by defendant it was unnecessary to send up the evidence, and, as the same was excepted to by the plaintiff, the costs of that part of the transcript and of printing the same must be taxed against the appellant. Rules 22 and 31 of this Court, and cases cited in Clark's Code (3d Ed.) pp. 918, 929. The evidence thus sent up seems to show a case of aggravated negligence, if not of peculiar atrocity. It is difficult for us to comprehend how the jury could have returned

127——20

a verdict of $100 as compensation for the death by malpractice, as is found, of a wife and mother thirty-three years of age; but that matter was for the jury, subject only to the irreviewable power of the trial Judge in setting aside the verdict and granting a new trial whenever the verdict is either inadequate (*Benton v. Collins,* 125 N. C., 83) or excessive (*Benton v. Railroad Co.,* 122 N. C., 1008). We are not advised whether the criminal arm of the law has been invoked. Considerations of humanity would seem to require that the case should be investigated by the Solicitor for that district.

New trial.