SALLIE TRITT, Administratrix of CARL TRITT, et al v. GLOUCESTER LUMBER COMPANY.

(Filed 17 May, 1922.)

**Employer and Employee—Master and Servant—Negligence—Instructions —Duty of Employer—Safe Place to Work.**

The duty of an employer to provide his employee a safe place to work extends only to his exercise of ordinary care, and an instruction in the employee's action for damages alleged to have been caused by the negligence of the defendant therein, is reversible error, which omits this as an element in the standard of duty, and in effect makes the duty an absolute or unconditional one.

APPEAL by defendant from *Shaw, J.,* and a jury, at December Term, 1921, of TRANSYLVANIA.

Action to recover damages for negligently causing the death of plaintiff's intestate. There was denial of liability and plea of contributory negligence, and on issues submitted the jury rendered a verdict for plaintiff assessing the damages. Judgment on the verdict, and defendant excepted and appealed.

*Ralph Fisher, Lewis Hamlin, and Sutton & Stilwell for plaintiff.*
*Martin, Rollins & Wright and W. E. Breese for defendant.*

PER CURIAM. There were facts in evidence tending to show that on or about 4 June, 1921, plaintiff's intestate, an employee of defendant company on the logging train in said county, while engaged in his duties as brakeman on one of defendant's trains, fell, or was thrown or jolted off said train and run over and killed. There was testimony on the part of plaintiff tending to show that the falling from the train and the consequent death was caused by an unusual, unnecessary, violent jerking of the train, and also because of the defective condition of the roadbed at the place of the injury. There was testimony for the defendant to the effect that the roadbed was in sound condition where the injury occurred, and further, that there was no unusual or violent jerking of the train at the time. In submitting these opposing views, the court, among other things, charged the jury as follows: "Now, the court instructs you that it was the defendant's duty to provide a reasonably safe place for the plaintiff to work, and if it failed to provide such a safe place for him to work, and in consequence of that the death of intestate was caused, and those facts are found by the greater weight of the evidence, it is your duty to answer the issue 'Yes.'" It is the established rule in this jurisdiction that the obligation to provide for employees a safe place to work, or a reasonably safe place to work, is not absolute, but it is required that the

employer must do this in the exercise of ordinary care, and a charge that omits this as an element in the standard of duty will be held for reversible error.    This is held in *Gaither v. Cement Co., ante,* 450, where the correct position as approved and illustrated in numerous decisions is stated for the Court in an opinion by *Associate Justice Adams.*    In deference to that authority, which we regard as controlling on the facts of the present record, we are of opinion that for the error indicated defendant is entitled to a

New trial.