## J. L. OWEN v. SUNCREST LUMBER COMPANY.

### (Filed 8 June, 1923.)

**Instructions—Employer and Employee—Master and Servant—Safe Appliances—Ordinary Care—Appeal and Error.**

An employer is only required to provide his employee a reasonably safe place to work and reasonably safe appliances with which to do it, in the exercise of ordinary care; and an instruction upon the evidence which leaves out the requirement as to ordinary care imposes an absolute duty on the employer to furnish his employee with such place and appliances, and constitute reversible error to his prejudice.

Appeal by defendant from *Ferguson, J.,* at January Term, 1923, of Haywood.

The action is to recover damages for physical injuries caused by the alleged negligence of defendant company in failing to supply plaintiff with proper tools and equipment in doing his work as employee of defendant company. There was denial of negligence, with pleas of contributory negligence and assumption of risk on the part of plaintiff, etc. On issues submitted, the jury rendered the following verdict:

"1. Was the plaintiff injured by the negligence of the defendants, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff contribute to his injury by his own negligence, as alleged in the answer? Answer: 'No.'

"3. Did the plaintiff assume the risk of his injury, as alleged in the answer? Answer: 'No.'

"4. What damages is the plaintiff entitled to recover of the defendant? Answer: '$6,000.' "

Judgment on the verdict for plaintiff and defendant appealed, assigning errors.

*Morgan & Ward, W. R. Francis, and Smathers & Robinson for plaintiff.*

*Alley & Alley for defendant.*

Per Curiam. There was evidence on the part of plaintiff tending to show that in February, 1919, plaintiff, an employee of defendant company, was engaged in skidding logs from the woods to the company's "landing," this being done by hitching a team of horses to four or five logs, or more, at a time, coupled together, the double trees being hitched to iron grabs fastened in the foremost log, and leaving about six feet between this log and the horses. That the driver, who was on the ground, guided the horses by check lines, and there were supplied to plaintiff lines that were too short to enable plaintiff to walk on the side, but it was necessary for him to go between the log and the horses in order to do his work efficiently. That plaintiff had called this defect to the attention of the company's foreman and was told to go on; do the best he could with these lines, and they would have proper lines supplied. That on the occasion in question the logs were on a steep mountain side, and it had snowed some the night before, and in moving a trail of logs with his team they made some speed down the mountain, and in the endeavor to guide the horses, plaintiff was jerked before the log and his ankle mashed between that and a stump or root, causing serious, painful, and protracted injury, from which he still suffers, etc.

There was testimony for defendant on the issues, and in charging the jury on the principal issues of liability the court, among other things, said: "It is the duty of the defendant, the employer, to furnish the employee and his servant with a reasonably safe place to do his work, and a reasonably safe appliance with which to do it," etc. We do not find that this statement as to defendant's obligation and duty was in any way explained or essentially modified in other portions of his Honor's charge, and this being true, it must be held for reversible error, entitling defendant to a new trial.

In *Tritt v. Lumber Co.,* 183 N. C., 830, it was given as the established rule in this jurisdiction that the obligation to provide employees with a reasonably safe place to work and reasonably safe appliances with which to do it, is not absolute, but it is required that the employer must do this in the "exercise of ordinary care," and a charge that omits this as an element in the standard of duty will be held for reversible error.

The question was fully considered, and pertinent authorities examined and explained by *Associate Justice Adams* in the recent case of *Gaither v. Clement,* 183 N. C., 450, and it was there held, among other things: "That the duty of the employer to furnish his employee safe tools with which to perform his services, and a safe place to do so, depends upon the exercise by him of ordinary care in providing them, and an instruction that imposes upon the employer an absolute duty to furnish them, without qualification, leaving out the ordinary care required of him in their selection, is reversible error."

On the facts of the present record, we regard these authorities as decisive, and defendant will be awarded a

New trial.