A. E. MURPHY v. SUNCREST LUMBER COMPANY ET AL.

(Filed 20 December, 1923.)

1. **Employer and Employee—Master and Servant—Negligence—Instructions—Appeal and Error—Harmless Error.**

    It is not the imperative duty of an employer to furnish his employee a safe place to work and safe appliances with which to perform the services required of him in a hazardous employment so as to make him, in effect, liable as an insurer, for he is only required to do so in the exercise of ordinary care; but an erroneous instruction in this respect will not constitute reversible error when it is made to appear on appeal that the actionable negligence of the employer was not questioned on the trial, and no issue as to contributory negligence was submitted to the jury.

2. **Employer and Employee—Instructions—Appeal and Error—Objections and Exceptions—Requested Instructions.**

    An exception to the charge, in an action to recover damages for a negligent permanent injury sustained by the plaintiff, will not be held for error on appeal upon the ground that the instruction too generally permitted a recovery for prospective damages without limiting them to the present cash value, or that he should have charged in a particular way, when he had so charged in general effect, in the absence of a refused requested instruction, correctly and more particularly stating the principles applicable to the evidence.

APPEAL by defendant, Suncrest Lumber Company, from *Bryson, J.*, at July Term, 1923, of HAYWOOD.

Civil action to recover damages for an alleged negligent injury sustained by the plaintiff, an employee of the defendant, on 24 June, 1922, while working on an "edger" in the sawmill plant of the defendant company.

From a verdict establishing liability, and judgment thereon, the defendant appeals, assigning errors.

*Morgan & Ward for plaintiff.*
*Alley & Alley for defendant.*

STACY, J.  Defendant assigns as error the following excerpt from the charge: "Where the relationship of master and servant, employer and employee, is established, then the master or employer owes to the employee certain duties, to provide him with reasonably suitable tools and appliances with which to perform the work assigned, and likewise to provide him with a reasonably safe place in which to do the labor assigned."

This instruction is in direct conflict with what was said in *Owen v. Lbr. Co.,* 185 N. C., 612; *Gaither v. Clement,* 183 N. C., 455; *Tritt v. Lbr. Co.,* 183 N. C., 830; *Smith v. R. R.,* 182 N. C., 296, and we would be disposed to hold it for reversible error if it were not for the fact that, upon the instant record, the defendant's liability is not seriously controverted and the error is clearly harmless, or nonprejudicial.  2 R. C. L., 230; *Wilson v. Lbr. Co., ante,* 56.  A new trial will not be granted for error which is without prejudice.

It is not the absolute duty of the master to provide for his servant a reasonably safe place to work and to furnish him reasonably safe appliances with which to execute the work assigned—such would practically render the master an insurer in every hazardous employment— but it is his duty to do these things in the exercise of ordinary care. *Owen v. Lbr. Co., supra.*  This limitation on the master's duty is not a mere play on words, nor a distinction without a difference, but it constitutes a substantial fact, or circumstance, affecting the rights of the parties.  *Tritt v. Lbr. Co., supra.*

In the case at bar, the plaintiff's evidence—there was none offered by the defendant—shows a clear case of culpable negligence.  In the opening part of the charge the court used the following language, to which there was no objection or exception: "The defendants, through their counsel, concede in their argument that if the evidence be found to be true, that it discloses negligence upon the part of the defendants." It was further conceded on the trial that no evidence had been elicited tending to show any contributory negligence on the part of the plaintiff, though this plea was set up in the defendant's answer, and for this

reason no issue as to contributory negligence was submitted to the jury. This error in the charge was therefore harmless and the exception must be overruled.

The defendant also excepts and assigns as error the following instruction on the issue of damages: "Where one is injured by the negligent acts of another, actionable in their nature, then the injured party is entitled to be awarded and to recover such an amount as will reasonably compensate him for loss sustained—past, present and in the future, or prospective. Such losses may embrace actual expenses of medical care and attention, such as are expended for nurse's services; they likewise may include the diminution or impairing of the ability of the injured person to perform labor, either mental or physical; and likewise they may include such sufferings of mind and body as are incident to, flow from and are proximately and directly caused by the injuries sustained. Such are the elements of damage recognized by the law."

The vice of this instruction, according to defendant's contention, is that it fails to limit plaintiff's recovery for future losses to a sum equal to their present cash value or present worth. Defendant's position in regard to limiting the damages, if any, which may accrue in the future to the present cash value or present worth of such damages is undoubtedly the correct one, for if the jury assess any prospective damages, the plaintiff is to be paid now, in advance, for future losses. The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The verdict should be rendered on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective. *Ledford v. Lbr. Co.,* 183 N. C., p. 617; *Johnson v. R. R.,* 163 N. C., 431; *Fry v. R. R.,* 159 N. C., 362.

But we do not think this rule or principle was altogether ignored in the charge, though it was not stated as fully as it might have been. Speaking to a similar question and to a similar instruction in *Hill v. R. R.,* 180 N. C., p. 493, *Walker, J.,* said:

"If the defendant desired it to be stated more fully, or in any special way, he should himself have asked for an instruction sufficient to present his view, or so as to direct the attention and consideration of the jury more pointedly to the rule of damages. *Simmons v. Davenport,* 140 N. C., 407; *Beck v. Tanning Co.,* 179 N. C., 123, 127. We have recently said upon this question, in the case of *Harris v. Turner,* 179 N. C., 322, at p. 325: 'The judge left the question of damages entirely to the jury, for he could not decide it as a matter of law. . . .When the judge left the amount paid by the defendants for the jury to find, defendants were silent, and therefore assented to this treatment of the

question. If the defendants desired a special instruction to guide the jury, they should have asked for it. *Simmons v. Davenport,* 140 N. C., 407. We there held that if a party desires fuller ·or more specific instructions than those given by the court in the general charge, he must ask for them, and not wait until the verdict has gone against him and then, for the first time, complain that an error was committed.' And in *Davis v. Keen,* 142 N. C., at p. 502 : 'Any omission to state the evidence correctly or to charge in any particular way should be called to the attention of the court before verdict, so that the judge may have opportunity to correct the oversight. A party cannot be silent under such circumstances, and, after availing himself· of the chance to win a verdict, raise an objection afterwards. He is too late. His silence will be adjudged a. waiver of his right to object, where the instruction of the court is not itself erroneous. This has been approved in many cases, and very lately in several,' citing *Baggett v. Lanier,* 178 N. C., 132; *Futch v. R. R., ib.,* 282; *Sears v. R. R., ib.,* 285; *S. v. Stancill, ib.,* 683. The instruction, as to damages, was somewhat general, but not inherently erroneous, and therefore the rule of practice, which we have just stated, should apply."

Viewing the record in its entirety, we have discovered no sufficient reason for disturbing the result of the trial. The verdict and judgment will be upheld.

No error.