OSCAR CABLE v. KITCHEN LUMBER COMPANY.

(Filed 3 June, 1925.)

**Employer and Employee—Master and Servant—Safe Place to Work—Instructions—Appeal and Error.**

The employer is required to furnish his employee a safe place to work, in this case in the performance of his duties around a band saw, only in the exercise of ordinary care, and an instruction that it was his duty to do so is *held* under the facts in this case as reversible error.

APPEAL by defendant from *Finley, J.,* at March Term, 1925, of GRAHAM.

Civil action to recover damages for an alleged negligent injury sustained by plaintiff, an employee of the defendant, on 22 April, 1924, while working as an "off-bearer" around a band saw in the lumber plant of the defendant company.

From a verdict establishing liability, and judgment thereon, the defendant appeals, assigning errors.

*T. M. Jenkins for plaintiff.*
*R. L. Phillips and A. Hall Johnston for defendant.*

PER CURIAM. Defendant assigns as error the following excerpt from the charge: "The court charges you as a matter of law that the duty devolves upon the defendant to furnish the plaintiff a reasonably safe place to work, reasonably safe machinery, appliances, and that they should be operated in a reasonably safe way."

This instruction is in direct conflict with what was said in *Owen v. Lumber Co.,* 185 N. C., 612; *Gaither v. Clement,* 183 N. C., 455; *Tritt v. Lumber Co.,* 183 N. C., 830; *Smith v. R. R.,* 182 N. C., 296, and must be held for reversible error.

Speaking to the question in *Murphy v. Lumber Co.,* 186 N. C., 746, it was said: "It is not the absolute duty of the master to provide for his servant a reasonably safe place to work and to furnish him reasonably safe appliances with which to execute the work assigned—such would practically render the master an insurer in every hazardous employment—but it is his duty to do these things in the exercise of ordinary care. *Owen v. Lumber Co., supra.* This limitation on the master's duty is not a mere play on words, nor a distinction without a difference, but it constitutes a substantial fact, or circumstance, affecting the rights of the parties. *Tritt v. Lumber Co., supra.*"

It is conceded by the plaintiff that the exception to this instruction is well taken unless the error was cured in other portions of the charge. We do not find that it was so cured. A new trial must be awarded.

New trial.