CEDRIC RIGGS, by his Next Friend, M. C. RIGGS, v. EMPIRE MANUFACTURING CO.

(Filed 14 October, 1925.)

**1. Employer and Employee—Master and Servant—Negligence—Safe Place to Work.**

The duty of an employer in the exercise of reasonable care to furnish to his employee a reasonably safe place to work in the course of employment, is nondelegable, and he may not escape liability when a negligent personal injury has been inflicted on an employee by another having charge of the work.

**2. Same—Dangerous Employment—Warning of Danger.**

Where the duty of an employee is to make a clearing or passway in the woods for others who are felling trees therein, and upon the falling of a nearby tree he seeks to escape injury by fleeing, and falls and injures himself by being cut with an axe or bush-hook he had been using: *Held*, under the circumstances it was evidence of the employer's negligence, that he had failed to give the injured employee timely warning of his danger is within the rule requiring the employer to furnish his employee a reasonably safe place to work, and sufficient to take the case to the jury upon the issue of negligence.

**3. Same—Insurer.**

The liability of an insurer does not come within the rule requiring the employer to furnish his employee a safe place to work, for he is only to exercise such reasonable care under existing conditions to provide such place and supply him machinery, implements and appliances suitable for the work in which he was engaged, and to keep them in safe condition by the exercise of proper care and supervision.

**4. Same—Contributory Negligence—Burden of Proof.**

Where contributory negligence is pleaded with supporting evidence in a negligent personal injury case, and tends to show that plaintiff received the injury complained of while in imminent peril, the burden is on defendant to show that under the existing circumstances the plaintiff

RIGGS v. MFG. CO.

had acted in disregard to his own safety, and it is not required of him
that he should have selected the less dangerous way to have escaped
the injury.

**5. Instructions—Disjunctive Parts—Appeal and Error.**

Upon exception to and appeal from the charge of the court, his in-
structions will not be regarded in disjunctive fragments, but construed
with the other relative portions thereof.

APPEAL from *Barnhill, J.,* and a jury, Spring Term, 1925, of PAM-
LICO.

The contentions on the part of plaintiff were: That Cedric was an
inexperienced boy, 17 years of age, and was employed by the defendant's
foreman, E. A. (Gene) Whitford, to take a bush-hook and axe and go
in the woods and help one Frank Fulcher clear roads for the hauling.
The defendant had several men sawing trees, hauling and snaking logs
in close proximity to where he was clearing the road. The foreman
was present in charge of and directing the work being done. Tops of
trees and logs were lying around where Riggs was put to clear the
road. While he was at work chopping bushes and limbs and throwing
them out of the way, he heard the workmen back of him, who were
cutting, "they just hollered." When they hollered he did not look
around, but jumped out of the way and ran. He heard the tree crack-
ing. He was about 35 or 40 feet from the tree and it fell in the direc-
tion of where he was working. The tree was about 62 or 64 feet high.
That he ran to keep from getting killed and the tree would have fallen
on him if he had not run. While he was getting out of the way of
the falling tree, jumping over tops and debris, he stumbled over a limb
and in falling was injured by being cut by the axe.

Defendant denies it was guilty of any negligence and pleads contribu-
tory negligence on the part of plaintiff. It admits that Whitford was
foreman but contends: (1) That Cedric Riggs, the plaintiff, was an
experienced boy and when he got hurt was not within 150 or 200 feet
of the nearest tree falling, which was on the opposite side of the team.
No tree was over 75 feet long and where he was working and got hurt
was out of the range of the falling tree. (2) That he was walking
on a log and slipped off and was hurt in that way.

The issues submitted to the jury and their answers thereto, were as
follows:

"1. Was the plaintiff, Cedric Riggs, injured by the negligence of
the defendant, as alleged in his complaint? Answer: Yes.

2. If so, did said plaintiff, by his own negligence, contribute to his
own injury, as alleged in the answer? Answer: No.

3. What damage, if any, is said plaintiff entitled to recover from de-
fendant? Answer: $700.00."

17—190

Judgment was rendered on the verdict. Many exceptions and assignments of error were made by defendant as to the competency of evidence, charge of the court, etc., and defendant appealed to the Supreme Court. The material ones we will consider in the opinion.

*D. L. Ward and F. C. Brinson for plaintiff.*
*Z. V. Rawls and Ward & Ward for defendant.*

CLARKSON, J. It is well settled in this State "that an employer of labor, in the exercise of reasonable care, must provide for his employees a safe place to do their work and supply them with machinery, implements and appliances safe and suitable for the work in which they are engaged, and to keep such implements, etc., in safe condition as far as this can be done by the exercise of proper care and supervision. *Pigford v. R. R.,* 160 N. C., 93; *Young v. Fiber Co.,* 159 N. C., 376; *Alley v. Pipe Co.,* 159 N. C., 327; *Patterson v. Nichols,* 157 N. C., 406; *Mercer v. R. R.,* 154 N. C., 399"; *McAtee v. Mfg. Co.,* 166 N. C., 456; *Holt v. Mfg. Co.,* 177 N. C., 178; *Beck v. Tanning Co.,* 179 N. C., 125; *Cook v. Mfg. Co.,* 183 N. C., 56; *Gaither v. Clement,* 183 N. C., 456.

It will be noted that it is the duty of the master to "use or exercise reasonable care," or "use or exercise ordinary care" to provide the servant a reasonably safe and suitable place in which to do his work. The master is not an insurer. The failure to submit in a charge the qualification of this duty is error, and new trials have been frequently granted on account of the omission. It is a substantial right. The most recent case granting a new trial is *Cable v. Lumber Co.,* 189 N. C., p. 840. In the present case the court below did not fall into this error. The part of the charge complained of by defendant is as follows: "If the jury find by the greater weight of the evidence, with the burden on the plaintiff, that the plaintiff was employed by the defendant to work for wages in its timber woods under the direction of one Gene Whitford, who was his foreman or boss, and from whom he was required to take orders, and should find that he was ordered by said Whitford to take an axe and bush-hook and help in cutting out a path or road for the defendant's haulers near the timber trees which were being cut down by defendant's employees within such proximity as to be in danger from falling trees, and that while he was so engaged one of the trees which the defendant's agent had sawed, fell in his direction and so close to him that he was compelled to run to keep the tree from falling on him and killing or disabling him, and while attempting to get out of the way of the falling tree, he fell on the axe which he had in his hand for cutting out the road and was injured as alleged by him, and should further find that the defendant did not use ordinary care to furnish

to the plaintiff a reasonably safe place in which to work and such failure was the proximate cause of the plaintiff's injury, if you find he was injured, you will answer the first issue Yes."

We think the charge on the facts and circumstances of this case correct.

In *Lucey v. Stack-Gibbs Lumber Co.,* 23 Idaho, 628, 46 L. R. A. (1903), p. 92, *Sullivan, J.,* said: "If it requires warning and signals to protect a servant from injury from falling trees cut by other servants, it is the master's duty to see to it that the proper signals are given, and, if the injury is caused by the failure to give the signals, the master is liable. His ability or responsibility extends beyond the selection of a servant or agent to give the signals, and includes the signal itself, and, if the servant neglects to give it, the master must answer for such negligence, as the authority to a servant to give a signal is nondelegable, and the failure to give it is imputed to the master, and the servant employed to give it is not the fellow-servant of the injured employee so far as the giving or failure to give the signal is concerned. The master cannot instruct a servant to do or perform a nondelegable or nonassignable duty, and escape liability if the servant neglects to perform such duty, in case injury results to the employee."

In *Beck v. Tanning Co., supra, Walker J.,* said: "It is unquestionably the duty of the master to use proper care in providing a reasonably safe place where the servant may do his work, and reasonably safe machinery, implements, and so forth, with which to do the work assigned to him (*West v. Tanning Co.,* 154 N. C., 44), and this duty is a primary, and an absolute one, which he cannot delegate to another without, at the same time, incurring the risk of himself becoming liable for the neglect of his agent, so entrusted with the performance of this duty which belongs to the master, for in such a case, the negligence of the agent, or fellow-servant, if he is appointed to act for the master, is the latter's neglect also," citing numerous authorities. *Parker v. Mfg. Co.,* 189 N. C., 275; *Torrance v. Lawrence,* 189 N. C., 521; *Beck v. Chair Co.,* 188 N. C., 743.

The warning must not only be given, but it must be a timely warning—proper warning. Such reasonable time so that workmen can avoid injury. We think these matters were fairly presented to the jury.

The following is complained of by defendant in the charge: "It is the duty of the plaintiff in sudden peril, to take active measures to preserve himself from impending harm, but was by no means held to the same judgment and activity under all circumstances."

But the charge on this aspect must not be taken disjunctively, but as a whole, as follows: "On the second issue the burden is on the defendant to satisfy the jury by the greater weight of the evidence that

the plaintiff, notwithstanding the negligence of the defendant, if you find the defendant was negligent, did not use ordinary care to prevent his injury. The court charges you it is the duty of the plaintiff in sudden peril to take active measures to preserve himself from impending harm but was by no means held to the same judgment and activity under all circumstances. The opportunity to think and act must be taken into consideration. And although he may not have taken the safest course or acted with the best judgment, or greatest prudence, he can recover for injuries sustained upon showing that he was required to act suddenly without opportunity for deliberation. It has been said that when choice of evils only is all that is left to a man he is not to be blamed if he chooses one, nor if he chooses the greater, if he is in circumstances of difficulty or danger at the time and compelled to decide hurriedly." We see no error in this charge.

3 Labatt's Master and Servant (2 ed.), p. 3555, says: "It is well settled that a servant who is suddenly exposed to great and imminent danger is not expected to act with that degree of prudence which would otherwise be obligatory. Or, as the doctrine is also expressed, a servant is not necessarily chargeable with negligence because he failed to select the best means of escape in an emergency." The court below charged almost the exact language quoted in *Parker v. R. R.,* 181 N. C., p. 103. We can find no prejudicial or reversible error in the charge of the court on damages; in the exceptions and assignments of error as to the admission of evidence; refusal to nonsuit or prayers for instructions.

The case was one mainly of disputed facts, and the jury has found with the plaintiff. On the record, we find

No error.