CHARLEY LINDSEY v. SUNCREST LUMBER COMPANY ET AL.

(Filed 23 December, 1925.)

**Employer and Employee—Master and Servant—Negligence—Safe Place
to Work—Tools and Appliances—Instructions—Appeal and Error—
Reversible Error.**

> The requirement of an employer to furnish his employee a safe place to
> work within the scope of his employment, and suitable tools and appliances
> with which to perform it, is such only as requires ordinary care in
> relation to the surroundings; and an instruction upon the issue of
> negligence that such was the employer's absolute duty, is reversible
> error.

APPEAL by defendant from *Finley, J.,* at May Term, 1925, of HAY-
WOOD.

Civil action to recover damages for an alleged negligent injury sustained by plaintiff, an employee of the defendant, on 2 September, 1922,
while working as a "tong hooker" on one of the defendant's loading
machines which was being operated as a part of the equipment on the
logging train, owned and operated by the defendant in connection with
its manufacturing plant.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Was the plaintiff injured by the negligence of the defendants, as
alleged in the complaint? Answer: Yes.

"2. Did the plaintiff, by his own negligence, contribute to his injury,
as alleged in the answer? Answer: Yes.

"3. What damage, if any, is the plaintiff entitled to recover? Answer:
$1,800."

From a judgment on the verdict in favor of plaintiff, the defendant
appeals, assigning errors.

*Morgan & Ward for plaintiff.*
*Alley & Alley for defendants.*

STACY, C. J. We deem it unnecessary to consider more than one
exception. The following excerpt, taken from the charge as it deals
with the issue of negligence, constitutes one of the defendant's exceptive
assignments of error:

"In this connection the court charges you it is the duty of the defendant in a case of this kind to furnish reasonably safe place for its employees to work and to furnish reasonably safe tools and equipment with

which to work, and the failure to do that is negligence, and if you find this was so and it was the proximate cause of the plaintiff's injury, it would be your duty to answer the first issue 'Yes.' "

This instruction, it must be conceded, as it was on the argument, is in direct conflict with what has been said in a number of recent cases, natably, *Murphy v. Lumber Co.*, 186 N. C., 746; *Owen v. Lumber Co.*, 185 N. C., 612; *Gaither v. Clement*, 183 N. C., 455; *Tritt v. Lumber Co.*, *ibid.*, 830; *Smith v. R. R.*, 182 N. C., 296.

It is not the absolute duty of the master to provide for his servant a safe place or a reasonably safe place to work and to furnish him reasonably safe appliances with which to execute the work assigned—such would practically render the master an insurer in every hazardous employment—but it is his duty to do these things in the exercise of ordinary care. *Riggs v. Mfg. Co., ante,* 256. This limitation on the master's duty is not a mere play on words, nor a distinction without a difference, but it constitutes a substantial qualification, or restriction, affecting the rights of the parties. *Cable v. Lumber Co.*, 189 N. C., 840.

The exception on the present record is clear-cut, and the issue of liability one of dispute, hence we must adhere to the decisions on the subject.

The case was before us at the Fall Term, 1924, on a judgment of nonsuit, which was reversed. 189 N. C., 118.

New trial.