JOHN T. HALL v. RHINEHART & DENNIS.

(Filed 5 May, 1926.)

1. **Master and Servant—Employer and Employee—Due Process—Instrumentalities—Duty of Master—Safe Place to Work—Instructions—Appeal and Error.**

   Upon evidence tending to show that during the course of his employment in running a "dinky" engine where the defendant was engaged in blasting, the plaintiff was eating his dinner in a mess hall constructed of plank, covered by a roof of tar paper, when a rock from the blasting penetrated the roof and seriously injured him, in his action for damages a charge by the court was reversible error that required the defendant to furnish his employee such place as would be reasonably safe from the blasting operations of the company, the rule being that he should do so in the exercise of ordinary care under the circumstances.

2. **Instructions—Negligence—Appeal and Error—Reversible Error—Requests for Instructions—Objections and Exceptions—Statutes.**

   It is reversible error under our statute for the court to fail to charge the jury upon the essential elements of the law of negligence material to the determination of the issue arising from the evidence in the case, without special request so to do, when it appears that the appellant was prejudiced thereby, construing the charge contextually as a whole.

CIVIL ACTION tried before *Frances D. Winston, Emergency Judge,* and a jury, at September Term, 1925, of GASTON.

On 13 October, 1922, and prior thereto, plaintiff was employed by the defendant as a dinky engineer. The defendant was engaged in the construction of a hydro-electric power plant in the Catawba River at Mountain Island. The work necessitated heavy blasting in the bed of the river. The defendant, for the convenience of its employees, operated a dining-room or mess hall. Employees were not required to board in this place, but those who did board there were charged one dollar a day for meals, which amount was deducted from their pay. The mess hall

was a long, narrow one-story building, built of pine timber and covered with tar paper. This mess hall was situated about four or five hundred feet from the point in the bed of the river where the blasting took place. The plaintiff had left his engine and gone to the mess hall to get supper at about 6 o'clock in the evening. Just as plaintiff was seated at the table in the mess hall a heavy blast was set off in the river, and a rock weighing five or six pounds was hurled through the air by the force of the explosion, striking and penetrating the roof of the mess hall, and falling upon plaintiff's head, causing serious and permanent injuries.

At the time of his injury the plaintiff was about thirty-two years old and was earning five dollars per day.

The defendant offered no evidence, but denied the negligence and pleaded contributory negligence, assumption of risk and release by the plaintiff.

There was a verdict in favor of the plaintiff for $35,000 and judgment thereon, from which judgment defendant appealed.

*A. E. Woltz, Geo. W. Wilson, Bramham & McCabe, Claude A. Thompson, John M. Robinson for plaintiff.*

*Mason & Mason, Clyde R. Hoey, Thomas C. Guthrie for defendant.*

BROGDEN, J. The trial judge charged the jury as follows: (a) "The law of North Carolina requires the defendant, if they set up a mess hall of their own, to put it where those who work for them and eat at the mess hall would be reasonably safe from the operations of the company.

(b) "If you find that the company failed to provide him with a reasonably safe place in which to do its work or to eat his meals and the evidence in this case satisfies you of that fact by its greater weight, you will answer that issue yes."

(c) "You will take into consideration, the law says, his age, his habits, his intellect, his general demeanor, his capacity for work and labor, what he might be expected to accumulate or save by reason thereof, and take out of that the cost of living, charges he would be put to, and in giving him a sum reaching through years, find out what it is all worth right here in Gastonia at about half past four o'clock on 24 September. That is what you are expected to do."

(d) "You will give him the present value of his expectancy. The law says he may live from thirty to thirty-two years—something like that."

The wisdom of the law has evolved certain standards of obligation and measures of liability to govern and control the conduct of men in their duties and obligations to each other. The foregoing instructions of the trial court fail to correctly apply the law, both as to negligence and as to damages.

HALL *v.* RHINEHART.

The last utterance of this Court on the subject is found in *Lindsey v. Lumber Co.,* 190 N. C., 844, in an opinion by the *Chief Justice.* In the *Lindsay case* the instruction complained of was as follows: "In this connection the court charges you it is the duty of the defendant in a case of this kind to furnish a reasonably safe place for its employees to work and to furnish reasonably safe tools and equipment with which to work, and the failure to do that is negligence, and if you find this was so, and it was the proximate cause of plaintiff's injury, it would be your duty to answer the first issue, yes." This instruction imposed upon the defendant a larger measure of duty than the law required, and this Court ordered a new trial.

The true rule is stated by *Clarkson, J.,* in *Riggs v. Mfg. Co.,* 190 N. C., 258: "It is the duty of the master to use or exercise reasonable care, or use or exercise ordinary care to provide the servant a reasonably safe and suitable place in which to do his work. The master is not an insurer. The failure to submit in a charge the qualification of this duty is error, and new trials have been frequently granted on account of the omission. It is a substantial right." *Cable v. Lumber Co.,* 189 N. C., 840; *Murphy v. Lumber Co.,* 186 N. C., 746; *Owen v. Lumber Co.,* 185 N. C., 612; *Gaither v. Clement,* 183 N. C., 450; *Tritt v. Lumber Co.,* 183 N. C., 830.

The correct rule governing the measure of damages for personal injuries of the sort complained of, is discussed and determined in *Ledford v. Lumber Co.,* 183 N. C., 616-17. This rule is firmly imbedded in the law. *Hill v. R. R.,* 180 N. C., 490; *Johnson v. R. R.,* 163 N. C., 431; *Fry v. R. R.,* 159 N. C., 362; *Pickett v. R. R.,* 117 N. C., 616; *Murphy v. Lumber Co.,* 186 N. C., 746.

The plaintiff, however, contends that the error specified is harmless for the reason that other portions of the charge of the trial judge tend to modify and explain the erroneous instructions given the jury. It is true that the charge should be considered contextually and not disjointedly and as a whole, and we have so considered and examined the charge in this case.

The inherent vice of the instruction given the jury, flows from the fact that the trial court was stating positive rules of law. Therefore, the following principle announced in *Construction Co. v. Wright,* 189 N. C., 456, applies: "Whenever the trial court attempts to state the rule of law applicable to the case, he should state it fully and not omit any essential part of it. The omission of any material part is, necessarily, error of an affirmative or positive kind. Therefore, it may be taken advantage of on appeal, by an exception to the charge, without a special request for the omitted instruction."

For the reasons given, there must be a
New trial.