### JIM WATSON v. SYLVA TANNING COMPANY.

(Filed 31 December, 1926.)

**1. Evidence—Trials—Appeal and Error.**

Evidence erroneously admitted on direct examination is not reversible error when again brought out on cross-examination, or evidence of the same character is admitted without objection from the appellant.

**2. Negligence—Master and Servant—Employer and Employee—Reasonable Care—Safe Place to Work.**

It is the duty of the employer to furnish his employee in the exercise of reasonable care, a safe place to work, etc., in the course of his employment.

APPEAL from *Oglesby, J.,* and a jury, at February Term, 1926, of JACKSON. No error.

*Walter E. Moore and Sutton & Stillwell for plaintiff.*
*Alley & Alley for defendant.*

CLARKSON, J. This case was here before on appeal by defendant and a new trial awarded on account of error in the court below for failure to comply with C. S., 564. See 190 N. C., p. 840.

In the present appeal, assignments of error are in regard to erroneous admission of evidence. We think the evidence was not prejudicial, from the cross-examination and other evidence of similar import brought out and introduced by defendant, and the case of *Cook v. Mebane,* 191 N. C., p. 7, and *Hanes v. Utilities Co., ibid.,* p. 19, and cases cited, approbate.

Another contention of defendant is that the charge of the court below makes it the duty of the employer, in the exercise of ordinary care, to furnish the employee a *safe place* to work, and that this is error; that the place must be *reasonably safe* and not *safe,* we cannot so hold. The court charged as follows: "The court further charges it is the duty of the master to use reasonable care and prudence in providing a safe place for his servant to work, and reasonably safe tools and appliances with which to do and perform his work."

As to the degree of care that the employer owes his employee, we think the charge sustained by *Riggs v. Mfg. Co.,* 190 N. C., p. 258. This Court said: "It is well settled in this State 'that an employer of labor in the exercise of reasonable care, must provide for his employees a safe place to do their work and supply them with machinery, implements and appliances, safe and suitable for the work in which they are engaged, and to keep such implements, etc., in safe condition as far as this can be done by the exercise of proper care and supervision,'" citing numerous authorities. Some of the decisions use the words "safe place" or "reasonably safe place" and "safe appliances, tools," etc., or "reasonably safe appliances, tools," etc., but this it not the error. All the cases hold that these duties must be complied with in the exercise of reasonable or ordinary care, or in the use of ordinary care and prudence; "such care as a prudent man would exercise under similar circumstances." The error, as held in all the decisions, is the omission of this qualifying phrase. *Lindsey v. Lumber Co.,* 190 N. C., 844; *Clinard v. Electric Co., ante,* 736.

From a perusal of the record, we are of the opinion that the action was carefully tried by the court below and in law we can find

No error.