RENALDO PASCAL, BY HIS NEXT FRIEND, J. H. PASCAL, v. BURKE TRANSIT COMPANY AND QUEEN CITY COACH COMPANY.

and

DAVID E. LAMBERT v. BURKE TRANSIT COMPANY AND QUEEN CITY COACH COMPANY.

(Filed 10 November, 1948.)

**1. Torts § 6: Trial § 22a—**

Where plaintiff does not demand any relief against a codefendant joined by the original defendant as a joint tort-feasor, the burden is on the original defendant to prove its cross-action for contribution, and upon motion of the codefendant for nonsuit on the cross-action the evidence must be considered in the light most favorable to the original defendant upon that cause. G.S. 1-240.

**2. Automobiles § 18h (4)—Evidence of concurring negligence of codefendant held sufficient to be submitted to the jury.**

The evidence considered in the light most favorable to the original defendant on its cross-action against its codefendant for contribution tended to show that the codefendant's bus was stopped on the highway on a

rainy, foggy night without a red light burning on the rear thereof in violation of G.S. 20-129(d), that the driver of the original defendant's bus, headed in the same direction, did not see the stationary bus until he was upon it, that he then applied his brakes and skidded to the left of the center of the road, where he collided with the car in which plaintiffs were traveling in the opposite direction. *Held:* The evidence was sufficient to overrule the codefendant's motion to nonsuit the cross-action.

**3. Trial § 23a—**

Where diverse inferences may reasonably be drawn from the evidence upon controverted questions of fact, nonsuit is properly denied, since the weight and credibility of the evidence is for the determination of the jury.

**4. Infants § 11: Parent and Child § 8—**

Where, in an action by a minor to recover for negligent injury, brought by his father as next friend, the pleadings and theory of trial seek recovery by plaintiff, as elements of damage, medical expenses and loss of earnings during plaintiff's minority, the father waives his right to recover and would be estopped from thereafter maintaining an action therefor even though the father is not a party of record, and therefore the failure of the court to exclude these items as elements of damage will not be held for error on defendant's exception taken after verdict.

**5. Torts § 5—**

Where plaintiffs seek no affirmative relief against a codefendant joined by the original defendant for the purpose of enforcing contribution against it as a joint tort-feasor, it is error for the court to enter joint and several judgments in favor of plaintiffs against both defendants upon the jury's finding that both were guilty of actionable negligence, since the liability of the codefendant is solely to the original defendant on its claim for contribution. G.S. 1-240.

**6. Damages §§ 1a, 13a—**

While it is preferable for the trial court to limit the recovery of prospective damages based on diminished earning capacity resulting from the injury to the present worth of such prospective losses, where the charge is based on the cash settlement rule for all injuries past and prospective and is otherwise full and comprehensive upon the issue, the failure of the court to limit prospective losses to the present cash value thereof will not be held for reversible error when it appears that the verdict is not excessive and that there was no request for further instructions on the issue.

ERVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Patton, Special Judge,* at June Term, 1948, of BURKE.

The plaintiffs in each of these actions instituted suit alleging personal injuries and damages sustained as a result of the negligence of the defendant, Burke Transit Company, in a head-on collision between Renaldo Pascal's car and the Burke Transit Company's bus, about 10:15 p.m., on 19 February, 1947. It is alleged the collision occurred on Pascal's right

side of Highway No. 70, about three miles east of Morganton; the car driven by Pascal was proceeding in an easterly direction and the Burke Transit Company's bus was traveling in a westerly direction. David E. Lambert was a guest in the Pascal car.

The Burke Transit Company answered in both actions, alleging that if the plaintiffs were injured by its negligence, that the Queen City Coach Company proximately concurred in and contributed to such injuries, and asked that it be made a party. The defendant Burke Transit Company set up a cross-action against the Queen City Coach Company in each case, alleging that if it was negligent, which is not admitted, it avers that any damages suffered by the respective plaintiffs, were proximately caused by the negligence of the Queen City Coach Company, in that one of the regular coaches of the Queen City Coach Company, operating in the usual course of its business, was being operated without proper lights on the rear thereof, as required by law, and in that the operator or driver of the said bus stopped the said bus upon the said highway without signal, sign or warning, which because of the darkness, fog and rain and the lack of lights as aforesaid rendered said bus invisible until this defendant's bus driver was close upon it, and to avoid a rear-end collision suddenly applied the brakes of this defendant's bus, causing the same to skid upon the highway owing to the wet and slippery condition thereof, and thus to skid across the center line into collision with the automobile in which the plaintiffs were at the time traveling, and this defendant alleges that the proximate cause or one of the proximate causes of the injuries complained of by the plaintiffs was due to the careless and negligent operation of the bus of the Queen City Coach Company.

It is further alleged in these cross-actions that if the defendant was guilty of any negligence proximately causing the damages suffered by the respective plaintiffs, the Queen City Coach Company joined and concurred in producing such damages, and such joint and concurrent negligence constituted the Queen City Coach Company a joint tort-feasor within the meaning and purpose of G.S. 1-240; and prayed for the right of the Burke Transit Company for contribution by the Queen City Coach Company to be determined in these actions.

The Queen City Coach Company was made a party defendant in both cases, and filed answers to the cross-actions of its codefendant, denying the allegations contained therein.

The cases were consolidated for trial by consent of all parties.

Issues were submitted to the jury in the respective cases, and answered as follows:

"1. Was the plaintiff, Renaldo Pascal, injured and his property damaged by the negligence of the defendant, Burke Transit Company, as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff, Renaldo Pascal, injured and his property damaged by the negligence of the defendant, Queen City Coach Company, as alleged in the answer and cross-action of the defendant, Burke Transit Company? Answer: Yes.

"3. What amount, if any, is the plaintiff, Renaldo Pascal, entitled to recover on account of his personal injuries? Answer: $21,500.00.

"4. What amount, if any, is the plaintiff, Renaldo Pascal, entitled to recover on account of the damages to his automobile? Answer: $935.00."

"1. Was the plaintiff, David E. Lambert, injured by the negligence of the defendant, Burke Transit Company, as alleged in the complaint? Answer: Yes.

"2. Was the plaintiff, David E. Lambert, injured by the negligence of the defendant, Queen City Coach Company, as alleged in the answer and cross-action of the defendant, Burke Transit Company? Answer: Yes.

"3. What amount, if any, is the plaintiff, David E. Lambert, entitled to recover on account of his personal injuries? Answer: $500.00."

From the judgments entered on the verdicts, both defendants appeal and assign error.

*Theodore F. Cummings for plaintiffs, Renaldo Pascal and David E. Lambert.*

*J. B. Craven, Jr., and Mull & Patton for defendant, Burke Transit Company.*

*Williams & Williams for defendant, Queen City Coach Company.*

APPEAL OF THE DEFENDANT, QUEEN CITY COACH COMPANY.

DENNY, J. This defendant seriously contends that its motion for judgments as of nonsuit on the cross-actions of the Burke Transit Company, for contribution under G.S. 1-240, should have been allowed.

After the Queen City Coach Company was made a party defendant, the plaintiffs did not amend their pleadings and allege this defendant was also negligent and that such negligence concurred with the negligence of the Burke Transit Company, in causing the injuries and damages sustained by them. Therefore, the burden was upon the codefendant, Burke Transit Company, in its cross-actions against the Queen City Coach Company, to show by the greater weight of the evidence that the Queen City Coach Company was negligent, and that such negligence concurred with its own negligence, if any, which joint and concurrent negligence was the proximate cause of the injuries and damages sustained by the plaintiffs. Consequently, we must consider the evidence on this issue in the light most favorable to the Burke Transit Company, and such company is entitled to the benefit of every reasonable inference to be drawn therefrom. *Buckner v. Wheeldon.* 225 N. C. 62, 33 S. E. (2) 480; *Lind-*

*sey v. Speight,* 224 N. C. 453, 31 S. E. (2) 371; *Ross v. Greyhound Corp.,* 223 N. C. 239, 25 S. E. (2) 852; *Wingler v. Miller,* 223 N. C. 15, 25 S. E. (2) 160.

The evidence tends to show that the plaintiff, Renaldo Pascal, was driving his car 35 or 40 miles an hour in an easterly direction on Highway No. 70, east of Morganton, about 10:15 o'clock at night, and a bus of the Queen City Coach Company, being operated in a westerly direction had stopped to discharge a passenger. The bus of the Burke Transit Company was also proceeding in a westerly direction.

The driver of the Burke Transit Company's bus testified: He was proceeding west and observed a car coming east which dimmed its lights and he also dimmed his lights. Visibility was very poor, it was "misting rain and kind of foggy, you couldn't see very far ahead . . . and all of a sudden I saw the Queen City bus in front of me . . . I saw no lights at all on the bus. I saw the bus from the lights of my bus. The Queen City bus was standing at a dead still when I observed it. . . . I applied my brakes. My bus skidded then . . . just a short distance across the black line . . . this on-coming car was there before I had a chance to cut it back to the right and I was right at the bus just as I skidded and caught the left corner of it (the Pascal car). They were pretty bright lights on the approaching car . . . To a certain extent on a wet highway that way they . . . did interfere with my seeing. . . . By the time the accident occurred I would say I was anywhere from six to eight feet from the Queen City bus. As I was getting out of my bus, the driver pulled off the highway . . . I would say he pulled up ahead of me 60 or 70 feet and he had about 2 feet of his bus still on the highway. . . . There was a shoulder there of 6 feet to his right. It was level. . . . The rear of the bus had . . . three or four of these small amber lights up on top. . . . I never saw those lights before the wreck happened, but after I got out of my bus and went out there those lights were burning after the wreck happened. Q. Was there a tail light burning at that time? A. No, sir. Q. Did you have any warning or notice that a bus was standing on the highway in front of you before you were in a short distance of it? A. No. . . . I was paying strict attention to the road. I did not see any lights on the Queen City bus."

Ray W. Benfield, a witness for the plaintiffs, testified: "I was a passenger in the Burke Transit bus, seated close to the front on the driver's side; I was looking out of the front of the bus, that is the windshield, and saw the car coming away off; I did not see the Queen City bus although at the time I was looking out of the front windshield; the first I knew the Queen City bus was in front of us, was hearing the driver, Mr. Puckett, say, 'Oh Lord, there is a bus.' . . . Mr. Puckett then hit the brakes and the bus sort of skidded or slid into the on-coming car; Mr. Puckett

never did turn to the left to pass the Queen City bus before the crash; I know he dimmed his lights for the on-coming car. I did not see the Queen City bus and was looking into the windshield, and it was clear; it was drizzling rain and sort of misting rain and the Queen City had only several dim lights at the top of the bus."

A witness for the Burke Transit Company testified: "I went to the scene of this accident on the evening of February 19, 1947. I went with the Sheriff. I observed the Queen City bus when I got there. The head-lights were burning, they were on. I looked to see if the tail lights were burning. The tail light was not on. There were lights on the rear of the bus. They were across the top of the bus. The lights were on the red order, but I would not say they were bright red, I would say they were close to 10 feet high."

Other evidence also tends to show that the bus of the Queen City Coach Company, at the time of the collision, did not have a red light burning on the rear thereof, as required by G.S. 20-129 (d).

The factual situation here is somewhat similar to that in the case of *Barlow v. Bus Lines, ante,* 382, 49 S. E. (2) 793, in that the record also contains evidence less favorable to the right of the Burke Transit Company to maintain its cross-actions against its codefendant than that set out herein, but a motion for nonsuit should not be allowed when diverse inferences may reasonably be drawn from the evidence and the controlling and pertinent facts are in dispute. The weight and credibility to be given to evidence is for the jury and not for the court on motion for nonsuit. *Barlow v. Bus Lines, supra; Page v. McLamb,* 215 N. C. 789, 3 S. E. (2) 275; *Clarke v. Martin,* 215 N. C. 405, 2 S. E. (2) 10; *Cole v. Koonce,* 214 N. C. 188, 198 S. E. 637; *Ferguson v. Asheville,* 213 N. C. 569, 197 S. E. 146; *Williams v. Express Lines,* 198 N. C. 193, 151 S. E. 197.

The evidence seems to be sufficient to carry the cross-actions to the jury, and we so hold under the authority of *Barlow v. Bus Lines, supra; Cummins v. Fruit Co.,* 225 N. C. 625, 36 S. E. (2) 11; *Williams v. Express Lines, supra,* and other decisions in the second line of decisions cited in *Tyson v. Ford,* 228 N. C. 778, 47 S. E. (2) 251.

This defendant also excepts and assigns as error the failure of his Honor to charge the jury that an unemancipated minor is not entitled to recover for loss of time or diminished earning capacity during his minor-ity, citing *Gillis v. Transit Corp.,* 193 N. C. 346, 137 S. E. 153, and *Shipp v. Stage Lines,* 192 N. C. 475, 135 S. E. 339. This exception is directed only to the charge in the Pascal case. At the time this action was insti-tuted, Renaldo Pascal was 20 years of age, and his father, J. H. Pascal, was duly appointed next friend to prosecute the action. However, the plaintiff became 21 years of age before the case was tried. He was earn-ing approximately $25.00 a week as a learner in a hosiery mill at the

time he was injured and owned the automobile he was driving on the night of the collision with the bus of the Burke Transit Company.

We concede the general rule to be under our decisions, that an unemancipated minor is not entitled to recover as an element of damages in an action for personal injuries, for loss of time and diminished earning capacity during minority, *Shipp v. Stage Lines, supra,* but the father of a minor may waive the right to recover for such loss and permit him to recover for his entire injury, including loss of wages and diminished earning capacity during minority. Although one who conducts a suit as the guardian or next friend of an infant is not a party of record, but the infant is the real party plaintiff, *Rabil v. Farris,* 213 N. C. 414, 196 S. E. 321, we see no reason why a parent who institutes an action as next friend in behalf of his minor child, and casts his pleadings and conducts the trial on the theory of the child's right to recover for loss of services and diminished earning capacity during minority as well as thereafter, should not be estopped from making a separate claim for such loss. This view is in accord with that expressed in 46 C. J., Section 115, p. 1301, and the authorities cited therein, where it is said: "A parent may waive or be estopped to assert his right to recover for loss or services, etc., by reason of injury to his minor child, and permit the child to recover the full amount to which both would be entitled, as where the parent as next friend brings an action on behalf of the child for the entire injury, or permits the case to proceed on the theory of the child's right to recover for loss of services and earning capacity during minority. In such case the parent treats the child as emancipated in so far as recovery for such damages is concerned, and cannot thereafter be permitted to claim that he, and not the child, was entitled to recover therefor. There is no waiver, however, where the parent is not shown to be connected in any way with the child's action, or to have had notice thereof, beyond the fact that the child lived with him; nor does the parent waive his right of action by suing as next friend for the child's pain and suffering and permanent impairment of earning capacity after majority."

It is likewise said in 39 Am. Jur., Sec. 83, p. 728: "Even where the parent has not emancipated the child prior to the injury, he may thereafter waive or relinquish in favor of the child his right to the latter's services, so as to permit the child to recover their value as part of his damages. In such a case, the child is entitled to recover the full amount to which both he and his parent would have been entitled if separate suits had been brought, and the parent is estopped from afterwards bringing any action in his own right." It is further stated therein, that where a parent brings an action as next friend to recover for injuries to his child, and "the parent claims damages for loss of time, diminished earning capacity, medical expenses, etc., he cannot make any claim for such items

in a subsequent action brought in his own right, but rather, they are to be recovered by the child in the first action only."

Where a suit is brought on behalf of a minor, it is a simple matter to limit the recovery in the pleadings or by special prayer for instructions, to such loss of wages and diminished earning capacity as the minor may suffer after he attains his majority. But where the action is brought by the father as next friend and no limitation on the minor's right to recover is pleaded and no request is made for such limitation during the trial of the case, and the charge of the court is sufficient to include compensation for all injuries and damages sustained from and after the date of the injury, the father will be deemed to have waived his claims for loss of services and diminished earning capacity of the child during minority, in favor of such child. *Gaff v. Hubbard,* 217 Ky. 729, 290 S. W. 696, 50 A. L. R. 1382; *Carangelo v. Nutmeg Farm,* 115 Conn. 457, 162 A. 4, 82 A. L. R. 1320.

This assignment of error is not sustained.

The court below entered joint and several judgments in favor of the respective plaintiffs against both defendants. The Queen City Coach Company excepted to the form of the judgment. The exception is well taken. The plaintiffs herein seek no affirmative relief from this defendant. The only relief sought against the Queen City Coach Company is the claim for contribution, as provided in G.S. 1-240, and set out in the cross-actions of the Burke Transit Company. *Wilson v. Massagee,* 224 N. C. 705, 32 S. E. (2) 335; *Charnock v. Taylor,* 223 N. C. 360, 26 S. E. (2) 911, 148 A. L. R. 1126. This defendant is entitled to a modification of the judgments in this respect.

We have carefully considered the additional exceptions and assignments of error brought forward by this defendant, and they present no prejudicial error.

Except as modified herein, the result below will be upheld.

### Appeal of the Defendant, Burke Transit Company.

The defendant excepts and assigns as error the following portion of his Honor's charge: "The Court charges you that if the plaintiff is entitled to recover at all . . . he is entitled to recover as damages one compensation in a lump sum, for all injuries past and prospective in consequence of the wrongful and negligent acts complained of. These, Gentlemen of the Jury, are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor or the capacity to earn money. The plaintiff is to have a reasonable satisfaction, if he be entitled to recover at all, for the loss of both bodily and mental powers or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injuries,

and it is for you, the jury, to say under all the circumstances what is a fair and reasonable sum which should be paid to the plaintiff by way of compensation for the injuries sustained. The age and occupation of the injured party, the nature and extent of his business, the value of his services, the amount he was earning from his business, or realized from fixed wages at the time of the injury, or whether he was employed at a fixed salary or as a professional man, are matters properly to be considered. The sum fixed by the jury should be such as fairly compensates the plaintiff for the injuries suffered in the past and those likely to occur in the future. The award is (to be) made on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective."

The above charge is in every essential particular the charge on damages laid down as a proper one, in the case of *Ledford v. Lumber Co.,* 183 N. C. 614, 112 S. E. 421, and approved in *Murphy v. Lumber Co.,* 186 N. C. 746, 120 S. E. 342; *Batts v. Telephone Co.,* 186 N. C. 120, 118 S. E. 893; *Mangum v. R. R.,* 188 N. C. 689, 125 S. E. 549; *Hall v. Rhinehart,* 191 N. C. 685, 132 S. E. 787; *Cole v. Wagner,* 197 N. C. 692, 150 S. E. 339; *Campbell v. R. R.,* 201 N. C. 102, 159 S. E. 327; *Patrick v. Bryan,* 202 N. C. 62, 162 S. E. 207; and *Smith v. Thompson,* 210 N. C. 672, 188 S. E. 395.

This defendant is relying on those decisions where new trials were granted for failure to limit the recovery for prospective loss to the present worth of such loss, among them being *Daughtry v. Cline,* 224 N. C. 381, 30 S. E. (2) 322; *Lamont v. Hospital,* 206 N. C. 111, 173 S. E. 46; and *Taylor v. Construction Co.,* 193 N. C. 775, 138 S. E. 129. An examination of these opinions will disclose that in each one of them the present worth rule was not followed nor the cash settlement rule, as laid down in *Ledford v. Lumber Co., supra.* While the present worth rule must be applied by the jury in arriving at the sum which will fairly compensate the injured party for all prospective loss, *Helmstetler v. Power Co.,* 224 N. C. 821, 32 S. E. (2) 611, there is no "fixed rule by which the amount of damages for impairment of earning capacity may be definitely measured," 25 C. J. S., sec. 87, p. 619, the amount to be awarded must be left to the sound judgment of the jury in the light of the evidence, based on the ability of the injured party to earn money, his age, his occupation, and his impaired or diminished earning capacity by reason of his injury. We think it is preferable for the trial judge to expressly charge the jury in this respect, that in arriving at the compensation for prospective damages or diminished earning capacity, the sum awarded should represent the present worth or the present cash value of such losses. But where the cash settlement rule has been used and the charge on damages is otherwise full and comprehensive, and it further appears that the verdict is not excessive, in the absence of a request for further instructions on the issue

of damages, a new trial will not be granted. *Hill v. R. R.,* 180 N. C. 490, 105 S. E. 184. We do not think the verdict in this case is excessive. The plaintiff was seriously and permanently injured. His bills for nurses, doctors and hospitalization, up to the time of the trial, amount to more than $5,000.00.

The other assignments of error have been carefully examined and they present no prejudicial error.

On the appeal of the Queen City Coach Company, modified and affirmed.

On the appeal of the Burke Transit Company, no error.

ERVIN, J., took no part in the consideration or decision of this case.