LESS MARTIN, ADMINISTRATOR OF DAVID MARTIN, JR., DECEASED, v. H. R. CURRIE.

(Filed 25 May, 1949.)

**1. Appeal and Error § 39e—**

The exclusion of testimony cannot be held prejudicial when it does not appear what the witness would have testified if permitted to do so.

**2. Negligence § 18—**

Where there is evidence warranting the inference that marks on the ground at the scene where defendant's tractor overturned, causing the death of the driver, plaintiff's intestate, existed at the time of the accident, testimony as to such marks is competent.

**3. Death § 8—**

Since exemplary or punitive damages are not recoverable in an action for wrongful death, evidence of the pecuniary state of defendant is irrelevant, and objection is properly sustained to a question asked defendant as to the amount of land he owned. G.S. 28-174.

**4. Master and Servant § 14a—**

The charge of the court as to the duties of an employer to his employee and the liability of the employer for negligent injury to the employee, *held* without error.

APPEAL by plaintiff from *Armstrong, J.,* and a jury, at November Term, 1948, of RICHMOND.

The plaintiff's intestate, David Martin, Jr., suffered death from the overturning of a tractor which he was using in rendering agricultural services for his employer, H. R. Currie, the defendant. The plaintiff thereupon sued the defendant for damages under G.S. 28-173 upon a complaint alleging that the death proximately resulted from the negligence of the defendant in furnishing the intestate a defective tractor. The defendant answered, denying negligence on his part and pleading assumption of risk and contributory negligence on the part of the intestate.

The evidence at the trial was conflicting, and the court submitted these four issues to the jury : (1) Was the death of plaintiff's intestate, David Martin, Jr., caused by the negligence of the defendant, as alleged in the complaint? (2) If so, did the plaintiff's intestate, David Martin, Jr., assume the risk incident to his employment? (3) Did plaintiff's intestate, David Martin, Jr., by his own negligence, contribute to his injury and death? (4) What amount, if any, is plaintiff entitled to receive of the defendant?

The jury answered the first issue "No," and the court rendered judgment on this verdict exonerating the defendant from liability to the plaintiff. The plaintiff thereupon appealed, assigning errors.

*H. F. Seawell, Jr., for plaintiff, appellant.*
*Jones & Jones for defendant, appellee.*

ERVIN, J. The plaintiff's first exception is addressed to the ruling of the court sustaining an objection of the defendant to a question propounded to the plaintiff's witness, Elcoe Covington, by plaintiff's counsel calling for a description of the condition of the tractor in controversy "about a month after the accident." This exception cannot be considered on this appeal for the record does not show what evidence this witness would have given if he had been permitted to answer the question. *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907; *Gibson v. Insurance Society,* 217 N.C. 564, 9 S.E. 2d 15; *In re Will of Redding,* 216 N.C. 497, 5 S.E. 2d 544; *Hammond v. Williams,* 215 N.C. 657, 3 S.E. 2d 437.

The defendant reached the scene of the fatal accident immediately after the tractor overturned, and was permitted to testify as to marks then appearing on the ground at that place. Since the record warrants an inference that these marks existed at the time of the accident, this evidence was properly received. *Shaw v. Handle Co.,* 188 N.C. 222, 124 S.E. 325; *Norris v. Mills,* 154 N.C. 474, 70 S.E. 912; *Blevins v. Cotton Mills,* 150 N.C. 493, 64 S.E. 428.

The court rightly sustained the defendant's objection to the following question put to defendant on cross-examination by plaintiff's counsel: "How much farm land do you have?" Evidence of the pecuniary state of the defendant is irrelevant and inadmissible in an action for damages for death by wrongful act because the controlling statute does not allow recovery of exemplary or punitive damages in such cases. G.S. 28-174; *Collier v. Arrington,* 61 N.C. 356; *Gray v. Little,* 127 N.C. 304, 37 S.E. 270.

The exception to the charge is untenable. The excerpt assigned as error conforms to the law of master and servant as laid down in repeated decisions of this Court. *Murray v. R. R.,* 218 N.C. 392, 11 S.E. 2d 326;

*Craver v. Cotton Mills,* 196 N.C. 330, 145 S.E. 570; *Watson v. Tanning Co.,* 192 N.C. 790, 136 S.E. 117; *Lindsey v. Lumber Co.,* 190 N.C. 844, 130 S.E. 713; *Riggs v. Mfg. Co.,* 190 N.C. 256, 129 S.E. 595; *Cable v. Lumber Co.,* 189 N.C. 840, 128 S.E. 329; *Murphy v. Lumber Co.,* 186 N.C. 746, 120 S.E. 342; *Owen v. Lumber Co.,* 185 N.C. 612, 117 S.E. 705; *Tritt v. Lumber Co.,* 183 N.C. 830, 111 S.E. 872.

When all is said, the trial in the court below resolved itself into a legal battle over sharply contested issues of fact. The jury answered the issue relating to the actionable negligence of the defendant adverse to plaintiff under a charge free from error. Hence, the trial and judgment must be upheld.

No error.