GEORGE F. WILSON ET AL. v. W. M. STOREY LUMBER COMPANY ET AL.

(Filed 4 November, 1920.)

**Contracts—Offer—Acceptance—Breach—Damages—Counterclaim.**

> The acceptance of an offer must be unequivocal to make a contract, so that the minds of the contracting parties may agree upon the subject; and where three carloads of lumber are ordered, and the seller replies, "Will ship you one carload within the next ten days and possibly three," it is not sufficiently definite to establish a contract for the three carloads, or to sustain a counterclaim for damages for the failure of the seller to ship more than one of them.

CIVIL ACTION, tried before *Long, J.,* at Fall Term, 1920, of FORSYTH, upon appeal from his Honor, *Judge Starbuck,* at the Spring Term, 1919, Forsyth County Court.

Defendant appealed.

*Jones & Clement for plaintiff.*
*Swink, Korner & Hutchins for defendant.*

Brown, J.   This action is brought to recover $347.67, admitted to be due by the defendant to the plaintiff for certain lumber purchased by the defendant.   The defendant sets up a counterclaim, which is based upon the following letter:

Pfafftown, N. C., 27 June, 1917.

W. M. Storey Lumber Company,
      New York.

Dear Sirs:—Your order received for three carloads, and in answer will say will ship you within the next ten days one carload, and possibly three.   We sold this lumber to Mr. Stemple, widths to run from four inches up.   Mr. Stemple stopped at our place Monday morning, think he decided it was a better average in widths than usual.   We will notify him when we will be ready to ship.                    Yours truly,
                                                          Wilson Bros.

The plaintiff shipped the one carload mentioned in the letter, and did not ship the other three.   Judge Starbuck held that this was not sufficient evidence to establish the counterclaim of the defendants, and dismissed the same and rendered judgment for amount admitted to be due the plaintiff.   This judgment was affirmed upon appeal to the Superior Court.

We agree with the learned judge that no definite contract to ship more than one carload of lumber was entered into by the plaintiff.   The words used in the letter bound the plaintiff to ship only one carload.   The words "possibly 3" are too indefinite and uncertain to constitute a binding contract.

It is well settled that where a person offers to do a definite thing and another accepts conditionally or introduces a new term into the acceptance, his answer is a mere expression of willingness, and is not a definite agreement to perform.   9 Cyc., 267-269.   In order to construct a contract, there must be a proposal squarely assented to.   *Cozart v. Herndon,* 114 N. C., 252.   There must be a meeting of two minds in one and the same intention in order to constitute a contract, and an acceptance of an offer varying its terms is a rejection of the offer.   *Gregory v. Bullock,* 120 N. C., 261.   The letters of the plaintiff to the defendant was no more than an agreement to ship three cars if it suited their pleasure to do so.

The judgment is
Affirmed.

Allen, J., concurring in result.