HERBERT G. GOECKEL v. HARRY P. STOKELY, t/a THE HOUSE OF STOKELY.

(Filed 10 December, 1952.)

**1. Contracts § 4: Evidence § 39—**

To constitute a valid contract, the parties must assent to the same thing in the same sense, and when it appears that a term which either party desires included in the agreement is not contained in the written memorandum, there is no complete agreement and such term is subject to further treaty between the parties to complete the contract.

**2. Master and Servant § 2b—**

Where a letter offering employment states in detail the proposed terms of employment but makes no reference to the expense of moving the recipient's family to the place of employment, and the letter of acceptance states that the recipient would like to supplement the terms by including the expense of moving the recipient's family in accordance with prior verbal negotiations, *held* the item of the expense of moving was left open to further treaty between the parties, and the employee's testimony that the employer later verbally agreed to pay such expense takes to the jury the question of whether such expense was included in the contract of employment.

**3. Appeal and Error § 39f—**

Where the jury sets the amount of the recovery at less than that contended for by plaintiff in accordance with the court's instruction to fix the amount, the instruction cannot be held prejudicial on defendant's appeal upon his contention that plaintiff was entitled to recover the full amount or nothing at all.

**4. Trial § 36—**

The refusal of the court to submit an issue to the jury cannot be held for error when there is no evidence upon the trial in support of such issue.

**5. Appeal and Error § 39e—**

The exclusion of evidence cannot be held prejudicial when the record fails to disclose the purport of the excluded evidence.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bobbitt, J.,* and a jury, 9 June Extra Civil Term, 1952, of MECKLENBURG.

Civil action to recover for alleged breach of employment contract.

Early in 1951 the plaintiff, then a resident of Bogota, New Jersey, was employed as a salesman by the defendant, a food and merchandise broker of Charlotte, North Carolina. There is no disagreement as to the terms of the contract, except in one particular, and that is, the plaintiff contends that the defendant agreed to pay the necessary expense of moving plaintiff's household and kitchen furniture from Bogota to Charlotte.

The plaintiff alleges that "The expense of moving this property . . . amounted to $580.62," which sum the defendant has failed and refused to pay.

The defendant by answer denies the alleged promise to pay this expense, and alleges by way of counterclaim: (1) That the plaintiff resigned and left the defendant's employ owing him the sum of $107.41 for advances made by the defendant; and (2) that the plaintiff, while serving as salesman for the defendant, turned in purported orders for goods which in fact had not been given by the customers, thus requiring the defendant, through other salesmen, to contact the customers and correct the errors so made, to the defendant's damage in the sum of $1,000.

It is disclosed by the plaintiff's evidence that after the initial interview between the parties in Charlotte, the defendant wrote the plaintiff a letter, dated 7 February, 1951, confirming the terms of the defendant's offer to employ the plaintiff. The letter contains these pertinent recitals: (1) "To confirm the position I have offered you, permit me to say . . ." (Then follows a detailed statement of the terms of employment as proposed by the defendant. The details are omitted as not being pertinent to decision. However, it is noted that the letter contains no reference to the matter of moving expense.) (2) ". . . and that you are to meet me in Chicago at the LaSalle Hotel on the P. M. of the 17th of February, and we will work that week together among the shippers at the convention, leaving there Friday P. M. and arriving back in Charlotte for the weekend in order to start the following week on the trade." (3) "Inclosed please find check for $100.00 advance expense money on which you please keep a record." (4) "I will appreciate your confirming receipt of this letter and your acceptance of the employment."

In reply to this letter, the plaintiff wrote the defendant under date of 13 February, 1950, stating in part: (1) "As I previously wrote you, I would like to supplement some of the remarks you made in your letter of February 7th as they were talked about and agreed upon on my visit to Charlotte." (2) "The other points in question about which I would like you to think about and which we can discuss in Chicago, would be the expense of moving and supporting my family in Bogota." (4) "I will be seeing you in Chicago, Saturday morning; . . ."

The plaintiff testified in part: "I thereafter met Mr. Stokely in Chicago. . . . We discussed the expenses of moving my family to Charlotte. Discussion was had several times, . . . and he promised me verbally . . . that he would pay my moving expenses when and if I moved to Charlotte, and thereafter I moved my furniture and personal belongings to Charlotte. . . . The Martin moving folks of Charlotte moved my furniture . . . and the bill was rendered . . . which I paid, in the sum of $580.62. As soon as I received the bill I went to Mr. Stokely with it, and he told

me he could not take care of it due to some other expenditures on his part, and we agreed to let it go until a little later date when he was able to pay me for it. . . . About a week before I turned in my resignation I talked to Mr. Stokely about my moving expenses, and he has not paid it."

The defendant went upon the stand and expressly denied that he agreed at any time to pay plaintiff's moving expense, and he was corroborated by the testimony of an office employee who said she heard the defendant tell the plaintiff "he would not pay his moving expenses." The defendant also testified that the total amount the plaintiff owes him for advances is $107.41, and it was stipulated by the plaintiff that this is the correct amount he owes for advances.

Issues were submitted to and answered by the jury as follows:

"1. Did the defendant, in the employment contract entered into between the plaintiff and the defendant, agree to pay the plaintiff's necessary expenses for the moving of his household furniture and equipment from Bogota, New Jersey, to Charlotte, North Carolina, as alleged in the complaint? Answer: Yes.

"2. If so, what amount, if any, is the plaintiff entitled to recover from the defendant on account thereof? Answer: $342.75.

"3. In what amount, if any, is the plaintiff indebted to the defendant on account of money advanced and expense items paid for the account of the plaintiff? Answer: $107.41. (Stipulated)."

From judgment entered on the verdict, the defendant appealed, assigning errors.

*Alvin A. London and O. W. Clayton for plaintiff, appellee.*
*Elbert E. Foster and J. F. Flowers for defendant, appellant.*

JOHNSON, J. The defendant's assignments of error challenge the action of the trial court in (1) overruling his motion for judgment as of nonsuit, (2) charging the jury on the second issue, and (3) limiting the defendant's counterclaim-recovery to $107.41.

1. *The refusal to nonsuit.*—The defendant takes the position that his letter of 7 February, 1951, to the plaintiff sets forth the terms of his offer of employment, and that the plaintiff after receiving the letter came to Charlotte and entered upon the work of the defendant. On these facts, the defendant contends the plaintiff accepted the terms of the employment as set out in the letter, and that since the asserted item of moving expense is nowhere mentioned in the letter, the plaintiff is precluded from recovering therefor.

The defendant's position is untenable. It fails to take into account (1) the plaintiff's letter of reply dated 13 February, 1951, indicating that the matter of "expense of moving" was being left open for further discus-

sion, and (2) plaintiff's testimony that when the matter was discussed in Chicago the defendant verbally agreed to pay this item of expense.

To constitute a valid contract the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, there is no agreement. *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171; *Kirby v. Stokes County Board of Education,* 230 N.C. 619, 55 S.E. 2d 322; *Sides v. Tidwell,* 216 N.C. 480, 5 S.E. 2d 316; *Federal Reserve Bank v. Manufacturing Co.,* 213 N.C. 489, 196 S.E. 848; *Croom v. Lumber Co.,* 182 N.C. 217, 108 S.E. 735; *Wilson v. Lumber Co.,* 180 N.C. 271, 104 S.E. 531.

And where correspondence or written memoranda is relied on to establish a contractual relation, if, from the language used, it appears that some term which either party desires to be in the contract is not included, requiring further treaty between the parties, there is no completed agreement. 12 Am. Jur., Contracts, Sec. 23. See also *Richardson v. Storage Co.,* 223 N.C. 344, 26 S.E. 2d 897.

Here it is manifest from plaintiff's reply letter of 13 February that the minds of the parties did not meet on the proposals set out in the defendant's letter of 7 February and that further treaty between the parties was necessary in respect to whether the defendant was to pay the plaintiff's expense of moving. And the evidence *pro* and *con* as to whether this item was made a part of the employment contract as finally consummated presented a clear-cut issue of fact for the jury.

2. *The charge on the second issue.*—The defendant (1) points to the fact that the plaintiff has declared on a special contract whereby the defendant allegedly agreed to pay plaintiff's moving expense, and (2) urges that all the evidence tends to show the amount of this expense was $580.62. Upon this theory of the trial, so fixed by the pleadings and proofs, the defendant contends the plaintiff was entitled to recover all or none of this amount and that the trial court should have so instructed the jury. The defendant therefore contends it was error for the trial court to charge the jury to find and determine the amount, if any, the plaintiff is entitled to recover as "the reasonable amount of the expense necessarily incurred in connection with the removal of the plaintiff's household furniture and equipment from Bogota to Charlotte."

Conceding, without deciding, that the court should have instructed the jury in accordance with the defendant's contention, it is not perceived that the failure to so charge was prejudicial to the defendant. It would seem that the error, if any, was helpful to the defendant, as shown by the verdict for the lesser sum of $342.75.

3. *Limiting the defendant's counterclaim-recovery.*—Here the defendant assigns as error the failure of the trial court to submit to the jury the issue raised by defendant's second counterclaim in which he seeks to

recover for losses and damage allegedly caused by the plaintiff's turning in purported orders which in fact were not given by the customers.

However, an examination of the record discloses no evidence upon which to predicate recovery on this counterclaim. Therefore, the exceptions directed to the failure of the court to charge on the theory of this counterclaim are without merit.

The defendant further assigns as error the ruling of the court in excluding the transcript of the adverse examination of the defendant taken at the instance of the plaintiff. However, the transcript is not in the record, and we are unable to determine whether the defendant was prejudiced by its exclusion. Hence error has not been made to appear. *Martin v. Currie,* 230 N.C. 511, 53 S.E. 2d 447; *Francis v. Francis,* 223 N.C. 401, 26 S.E. 2d 907.

The other exceptions to the exclusion of testimony appear to be without merit. The proffered testimony was properly excluded as hearsay.

No error.

PARKER, J., took no part in the consideration or decision of this case.