HARWELL ENTERPRISES, INC. v. CLARENCE E. STEVENS, TRADING AS STEVENS ENGINEERING COMPANY

No. 7027SC426

(Filed 5 August 1970)

1. **Pleadings § 23; Judgments § 13— default judgment — frivolous demurrer**

    In this action for breach of an alleged contract to design, fabricate, test and deliver a silk screen machine to plaintiff's specifications, demurrer by defendant on the ground the complaint failed to state a cause of action because it did not allege a written contract signed by defendant as required by G.S. 25-2-201 was not clearly and palpably frivolous and interposed only for the purpose of delay, and the trial court did not err in the denial of plaintiff's motion for judgment on the pleadings.

2. **Contracts § 27— action for breach of contract — failure to prove valid contract**

    In this action for breach of an alleged contract to design, fabricate, test and deliver a silk screen machine to plaintiff's specifications, plaintiff's evidence was insufficient to show a valid contract between the parties resulting from a meeting of the minds as to all the terms thereof.

APPEAL by plaintiff from *Falls, J.,* 6 April 1970 Civil Session of GASTON County Superior Court.

Plaintiff alleges that "defendant entered into an agreement and contract with plaintiff whereby defendant agreed 'to design, fabricate, functionally test and deliver an automatic silk screen machine to specifications as written by Harwell Enterprises, Inc., dated April 18, 1968, supplemented by specifications received from Arrow Metal Products (via telephone and recorded April 17, 1968, to be confirmed via letter) subject to approval or modification by Harwell Enterprises, Inc.' "; that defendant agreed to deliver the machine on or before 22 May 1968; that defendant was to be paid a total of $4500; that on 17 April 1968, plaintiff paid to defendant, by check, $1500 as partial payment; that in late May or early June defendant notified plaintiff that he would not perform his contract and plaintiff had to employ personnel and take over the building of the machine. Plaintiff seeks to recover the difference between the original price agreed upon and the amount allegedly spent by plaintiff in completing the production of the machine. This action came on for trial on 6 April 1970. At the close of the plaintiff's evidence, defendant

in effect moved for a directed verdict "by reason of the fact that the plaintiff's evidence is totally failing in proving a contract between Harwell Enterprises, Inc., the Plaintiff, and the Defendant." This motion was allowed, the court concluding as a matter of law that the plaintiff failed to prove a claim for relief and ordered that the action be "dismissed as of non-suit."

*Whitener & Mitchem by Basil L. Whitener and Anne M. Lamm for plaintiff appellant.*

*Frank P. Cooke by James C. Gray for defendant appellee.*

MORRIS, J.

[1]   Plaintiff's first assignment of error is directed to the overruling of its motion for judgment on the pleadings. Plaintiff earnestly contends that a demurrer interposed by defendant on 11 September 1969 and overruled was a sham and frivolous pleading, for the sole purpose of delaying the plaintiff in procuring judgment. The ground stated for the demurrer was that the complaint failed to state a cause of action because it does not allege a written contract signed by defendant as required by G.S. 25-2-201. We hold that the raising of the question by defendant by demurrer in this case was not clearly and palpably frivolous and interposed only for the purpose of delay. This assignment of error is overruled.

[2]   Plaintiff next contends that the granting of defendant's motion at the close of plaintiff's evidence constituted reversible error. We do not agree. Plaintiff's evidence, in our judgment, is not sufficient to support a finding that a valid, enforceable contract existed between plaintiff and defendant. Plaintiff's evidence was that on 17 April 1968, a conversation was had between plaintiff's general manager, Mr. Andrew Furyk, and defendant; that on 18 April 1968, plaintiff sent defendant a "confirmed written purchase order signed by Mr. Furyk which confirmed the verbal purchase order". The president of plaintiff testified: "I say that the basis of our contract with Stevens was that on or about the 18th of April 1968, Stevens entered into an agreement and contracted with our company whereby he agreed to 'design, fabricate, functionally test and deliver an automatic silk screen machine to specifications as written by Harwell Enterprises, Inc.,  dated April 18, 1968, supplemented by specifications received from Arrow Metal Products (via tele-

phone and recorded April 17, 1968, to be confirmed via letter) subject to approval or modification by Harwell Enterprises, Inc.' That is what I say is the basis of our contract.", and further "As to your question as to whether there was 'some sort of oral contract between me and Mr. Stevens on that date' I say that we entered into the contract on April 17, verbally, and no specifications had been sent to him at that time." Mr. Furyk, who had conducted the negotiations, did not testify. The written purchase order referred to specifications dated 18 April 1968, supplemented by specifications received from Arrow to be confirmed by letter, subject to approval or modification by Harwell Enterprises, Inc. Plaintiff's evidence was that the original specifications called for a minimum rate of continuous production of 15 shelves per minute but this was subsequently changed to 20 shelves per minute "after the original agreement," that the change was initialed by Mr. Furyk. Although plaintiff's president testified there was an oral agreement, there was no evidence as to what that agreement was, other than the written purchase order which specifically stated that the specifications submitted were subject to modification. If at any point there was actually a valid contract resulting from a meeting of the minds as to all of the terms thereof, the evidence does not disclose it.

The evidence does not meet the test set out in *Thompson-McLean, Inc. v. Campbell*, 261 N.C. 310, 314, 134 S.E. 2d 671 (1964), where the Court said:

> " 'To constitute a valid contract the parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms are not settled, there is no agreement.' *Goeckel v. Stokely*, 236 N.C. 604, 73 S.E. 2d 618. 'Consequently, the acceptance of a proposition to make a contract, the terms of which are to be subsequently fixed, does not constitute a binding obligation.' 1 Elliott on Contracts, § 175; *Croom v. Lumber Co.*, 182 N.C. 217, 108 S.E. 735."

Affirmed.

BROCK and GRAHAM, JJ., concur.