## CIRCUIT COURT OF FAIRFAX COUNTY

Marie M. West

    v.

Town and Country
Properties, Inc.

September 18, 1989

Case No. (Law) 92309

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant's Demurrer to the Motion for Judgment filed by the plaintiff, Marie M. West, in which she alleges a breach of an employment agreement. In her Motion for Judgment, Ms. West refers to and specifically incorporates the employment agreement upon which her claim is made. Where a contract is exhibited and identified as a pleading and plaintiff bases her allegations upon the provisions of the contract, the contract defines the rights of the parties before the Court. Where the contract thus exhibited and incorporated is insufficient in law to sustain the cause of action, a demurrer will be sustained, despite any general allegations that may be set forth in the pleading relative to the existence and nature of the contract. See 61A Am. Jur. 2d, *Pleading*, sects. 251 at 250-251, citing *Richardson v. Greensboro Warehouse and Storage Company*, 26 S.E.2d 897 (N.C. 1943).

In light of the provisions of the contract, it is my judgment that the facts alleged are sufficient to sustain the cause of action pleaded. It should be noted that even absent the incorporation of the contract, the allegations

contained in the four corners of the pleading are themselves sufficient to sustain the cause of action.

With respect to the claim for an accounting, however, the facts pleaded are insufficient to sustain the relief requested, and the defendant's demurrer will be sustained with respect to that claim.

Plaintiff also moves the Court for entry of an order to compel the production of documents in response to her Requests for Production nos. 2 and 3. While it is clear that the Rules of the Supreme Court governing the course of discovery permit a party answering an interrogatory to respond by "specifying the records from which the answer may be derived or ascertained" and "by affording to the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries of the records," such an approach is only sufficient if the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served. Rule 4:8, Rules of the Supreme Court of Virginia. It is my judgment that the burden on the plaintiff would be greater than that by the defendant in this case, particularly in light of the employment agreement in which the defendant specifically obligates itself to provide its employees a copy of all documents "of any nature whatsoever concerning transactions handled by the employee." Accordingly, the plaintiff's motion to produce the referenced documents is granted. The Answer to the Motion for Judgment and the documents shall be produced within twenty-one days from the entry of the order reflecting the decision of this Court.