John C. DEMAINE; Edward A. Simons; Gastonia Fire Extinguisher Company, Inc.; Carolina Safety Associates, Inc., Plaintiffs–Appellants,

v.

BANK ONE, AKRON, N.A., Defendant–Appellee.

No. 89–2387.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1990.

Decided June 8, 1990.

---

Jeffery M. Guller, Gastonia, N.C., for plaintiffs-appellants.

David Betts Hamilton, Petree, Stockton & Robinson, Charlotte, N.C., for defendant-appellee.

Richard E. Fay, B. David Carson, Petree, Stockton & Robinson, Charlotte, N.C., on the brief, for defendant-appellee.

Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

The plaintiffs/appellants in this action contest the district court's entry of judgment for the defendant under Rule 50(b) of the Federal Rules of Civil Procedure. We find that the plaintiffs' evidence was insufficient to escape a directed verdict and we therefore hold that the entry of judgment for the defendant was proper.

I.

The plaintiffs brought this action alleging breach of a contract by Bank One to loan them money. Plaintiffs John DeMaine and Edward Simons entered negotiations with defendant Bank One for a revolving line of credit that would enable them to purchase a business in North Carolina. At trial, the plaintiffs presented evidence that the bank's agent, after enumerating the documents that he still needed before he could approve the loan, told the plaintiffs to "tell the sellers you have your financing." Bank One's uncontroverted evidence showed, however, that the plaintiffs never submitted all of the financial information that the bank had requested and that the plaintiffs were unable to provide the bank with the collateral it required as a prerequisite to making the loan. Furthermore, the evidence disclosed no agreement between the parties with respect to the material terms of the contract such as the amount of the loan, the repayment schedule, and the date on which the funds would be available.

At the close of the evidence, the bank renewed its motion for a directed verdict. The district court denied the motion and submitted the case to the jury on the question of whether the parties had entered a contract for the loan as the plaintiffs had alleged. After the jury was unable to reach a verdict, the district court declared a mistrial. Within ten days, Bank One submitted a motion under Rule 50(b) seeking entry of judgment in accordance with its motion for a directed verdict. The district court granted this motion and entered judgment for the defendant bank. This appeal followed.

II.

Rule 50(b) provides that "[n]ot later than 10 days after entry of judgment ... or if a verdict was not returned within 10 days after the jury has been discharged, [a party] may move for judgment in accordance with the party's motion for a directed verdict." The appellants argue that the district court erred in granting the bank's motion for judgment. They claim that their evidence in support of the alleged contract was sufficient to create issues of fact and prevent the entry of a directed verdict. In support of their argument, the appellants offer a number of North Carolina decisions holding that a directed verdict may not be granted if more than a scintilla of evidence supports the non-moving party's case. This, however, is not the standard that United States district courts apply when reviewing Rule 50(b) motions. This court has held that, when sitting in diversity, district courts must apply the federal standard in ruling on motions for a directed verdict. *Brant v. Robinson Inv. Co.*, 435 F.2d 1345, 1346–47 (4th Cir.1971); *Wratchford v. S.J. Groves & Sons Co.*, 405 F.2d 1061, 1064–65 (4th Cir.1969). Under this standard, a district court should direct a verdict for the defendant if the plaintiff has failed to adduce substantial evidence in support of his claim. *See Business Dev. Corp. of N.C. v. United States*, 428 F.2d 451, 453 (4th Cir.), *cert. denied*, 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 (1970).

Here, the plaintiffs failed to introduce substantial evidence to support the

existence of the contract. Under the law of North Carolina, a contract will only arise when a meeting of the minds exists between the parties. *See Richardson v. Greensboro Warehouse & Storage Co.*, 223 N.C. 344, 26 S.E.2d 897 (1943). By failing to present evidence that the parties had agreed on the material terms of the alleged contract, the plaintiffs failed to introduce substantial evidence in support of their claim. The plaintiffs' claim also founders on the absence of evidence tending to show that they had satisfied the bank's requests for documentation and collateral. According to the bank's evidence, its offer to loan the plaintiffs money was conditioned on the plaintiffs meeting certain requirements. The plaintiffs did not controvert the conditional nature of the bank's offer, and they failed to introduce any evidence showing that they had complied with the bank's requirements. They clearly failed to provide substantial evidence in support of the contract that they sought to establish. The district court's grant of judgment under Rule 50(b) was not error.

The appellants also argue that the jury's inability to reach a verdict showed that reasonable minds could differ on whether the parties had entered a contract. For this reason, they claim that the direction of a verdict in favor of the defendant bank was improper. We refuse to hold that a jury's inability to reach a verdict, by itself, will operate to prevent the entry of a directed verdict under Rule 50. The rule specifically provides for motions "if a verdict was not returned." In this case, the jury's deadlock appears to have been the product of unreasonable disagreement since the evidence wholly fails to establish the contract in question. *Cf. Noonan v. Midland Capital Corp.*, 453 F.2d 459, 463 (2d Cir.), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2044, 32 L.Ed.2d 333 (1972).

The holding of the district court in this matter is

AFFIRMED.