**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTOPHER KIRHAGIS,
<u>Plaintiff-Appellant,</u>

v.                                                                                   No. 98-1779

HOME DEPOT U.S.A., INCORPORATED,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-97-757-AMD)

Submitted: June 29, 1999

Decided: July 19, 1999

Before LUTTIG, MICHAEL, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Dennis E. Cuomo, Wayne S. Goddard, LAW OFFICES OF DENNIS
E. CUOMO, Towson, Maryland, for Appellant. Scott A. Mills, Tif-
fany Hosey, JACKSON & CAMPBELL, P.C., Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher Kirhagis appeals the district court's decision granting judgment as a matter of law to Home Depot, U.S.A., Inc. (Home Depot) in this personal injury action. Kirhagis alleged that he was injured by a bundle of metal studding that fell from a shelf in a Home Depot store in Baltimore County, Maryland. He asserted that the studding fell after a forklift operated by an unidentified Home Depot employee bumped into the shelves and dislodged the material. At the close of the evidence, the district court granted Home Depot's motion for judgment as a matter of law. Fed. R. Civ. P. 50.

On appeal, Kirhagis asserts that the district court erred in entering judgment as a matter of law. He alleges that, in granting the motion, the court assessed the credibility of the witnesses and failed to consider the evidence in the light most favorable to the plaintiff.

In ruling on a motion for judgment, the district court considers whether there is a "legally sufficient evidentiary basis for a reasonable jury to find for" plaintiff. Fed. R. Civ. P. 50(a). The court should draw reasonable inferences for the nonmoving party, but may not indulge in sheer speculation. Gibson v. Old Town Trolley Tours of Washington, D.C., Inc., 160 F.3d 177, 181 (4th Cir. 1998). A district court sitting in diversity applies the federal standard in ruling on a motion for judgment as a matter of law. DeMaine v. Bank One, Akron, N.A., 904 F.2d 219, 220 (4th Cir. 1990). Such a motion should be granted if plaintiff has not produced substantial evidence to support his claim. White v. County of Newberry, 985 F.2d 168, 173 (4th Cir. 1993). This Court reviews the grant or denial of such a motion de novo, with the evidence viewed in the light most favorable to the nonmoving party. Chaudhry v. Gallerizzo, ___ F.3d ___ (4th Cir. Apr. 5, 1999) (Nos. 98-1024, 98-1595), slip op. at 6. Having done so, we conclude that the district court did not err in entering judgment pursuant to Fed. R. Civ. P. 50.

2

We affirm the district court's judgment against Kirhagis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

3