# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MORGAN'S FERRY PRODUCTIONS, LLC,
a California Limited Liability
Company,
              *Plaintiff-Appellant,*

              v.

ALICIA RUDD, an individual; RUDD
DOGS, INCORPORATED, a corporation,
              *Defendants-Appellees,*

              and

DOES 1-10, inclusive,
              *Defendants.*

No. 00-1731

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-99-38-7-BR)

Submitted: May 31, 2001

Decided: September 7, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marc Zwerling, Portland, Oregon; Steven Wolfe Thompson, WOLFE
THOMPSON, L.L.C., Las Vegas, Nevada, for Appellant. Roy C.

Bain, BAIN & RODZIK, P.C., Wilmington, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Morgan's Ferry Productions appeals the district court's grant of Defendant Rudd's motion for judgment as a matter of law at the close of Plaintiff's evidence. Finding no error in the district court's ruling, we affirm.

Morgan's Ferry hired Rudd to provide a mule to be used in production of the movie, "Morgan's Ferry," and to be the wrangler, or handler, of the mule while it was participating in the movie. As a result of problems with the mule and delays allegedly resulting from those problems, Morgan's Ferry sued Rudd for breach of contract, fraud, and negligent misrepresentation. At the close of Morgan's Ferry's evidence, the district court granted Rudd's motion for judgment as a matter of law and dismissed the case.

A motion for judgment as a matter of law should be granted if the district court determines that the nonmoving party "has been fully heard . . . and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party." Fed. R. Civ. P. 50(a)(1); *Brown v. CSX Transp., Inc.*, 18 F.3d 245, 248 (4th Cir. 1994). Judgment as a matter of law is only appropriate if, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that "'a reasonable trier of fact could draw only one conclusion from the evidence.'" *Brown*, 18 F.3d at 248. The court should draw reasonable inferences for the nonmoving party, but may not indulge in sheer speculation. *Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.*, 160 F.3d 177, 181 (4th Cir. 1998). A district court sitting in

diversity applies the federal standard in ruling on a motion for judgment as a matter of law. *DeMaine v. Bank One, Akron, N.A.*, 904 F.2d 219, 220 (4th Cir. 1990). Such a motion should be granted if plaintiff has not produced substantial evidence to support his claim. *Id.* This court reviews the grant or denial of such a motion de novo, with the evidence viewed in the light most favorable to the nonmoving party. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 404-05 (4th Cir. 1999).

Under North Carolina law, a breach of contract claim must allege that a valid contract existed between the parties, state that defendant breached the terms thereof, explain the facts constituting the breach, and specify the damages resulting from such breach. *Claggett v. Wake Forest Univ.*, 486 S.E.2d 443, 446 (N.C. App. 1997). In its complaint, Morgan's Ferry alleged that it "hired Rudd to provide a mule which [Rudd] owned and which was trained to sit on its haunches and to provide 'mule wrangler' services in connection with the mule's scenes in the [p]icture." The complaint further alleged that Rudd breached these obligations "in that [Rudd] did not actually own the mule, the mule was not trained to sit on its haunches, and [Rudd] did not know how to control the mule." There was no written contract between Morgan's Ferry and Rudd. Although Rudd received a copy of the script prior to the beginning of shooting, the script was primarily a general description of the scenes that provided virtually no detail of the actions expected of the mule. The evidence at trial revealed that the only firm condition of Rudd's employment was that the mule pull a cart that could hold five adults. The ability of the mule to sit on its haunches was desired by Morgan's Ferry, but was not a condition of employment, as Rudd only agreed to attempt to train the mule to perform this action. Ownership of the mule was likewise not a term of the agreement, nor did Rudd state that she owned the mule. Rather, she stated that she "had" a mule. Finally, the agreement did not explicitly define Rudd's duties as a "wrangler." Even accepting the argument of Morgan's Ferry that the doctrine of implication should be applied to supply missing terms of the agreement, the Plaintiff's evidence of Rudd's failure to properly handle the mule demonstrated at most isolated incidents of delay or difficulty in persuading the mule to perform as scripted that occurred in the context of numerous other delays in filming.

Morgan's Ferry alleged that Rudd fraudulently stated that she owned a mule, that the mule was trained to sit on its haunches, that

she was a mule wrangler and was trained and experienced in handling the mule, and that she would provide all services for a flat fee of $2500. In the alternative, Morgan's Ferry alleged that Rudd's representations amounted to the tort of negligent misrepresentation. Under North Carolina law, the "essential elements of fraud are: (1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Rowan County Bd. of Educ. v. United States Gypsum Co.*, 418 S.E.2d 648, 658 (N.C. 1992) (internal quotation marks omitted). All averments of fraud and circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b); *see also Rowan County*, 418 S.E.2d at 659 ("There is a requirement of specificity as to the element of a representation made by the alleged defrauder. The representation must be definite and specific."). The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information supplied in the course of business without reasonable care by one who owed the relying party a duty of care, and suffers harm as a result. *Helms v. Holland*, 478 S.E.2d 513, 517 (N.C. App. 1996).

During the formation of the agreement between Morgan's Ferry and Rudd, two employees of Morgan's Ferry discussed the terms and conditions of employment with Rudd. These witnesses testified that at no time did Rudd affirmatively state that she owned the mule, but merely stated she "had" a mule. Further, Rudd only agreed to try to train the mule to sit on its haunches. At most, the testimony established that Rudd stated that she believed she could train the mule to perform this action before shooting began. Further, neither employee testified that Rudd told them she was a mule wrangler. Rudd apparently presented her resume that indicated previous experience working with mules and a variety of animals, but the record is devoid of any evidence of an affirmative representation by Rudd as alleged by Morgan's Ferry. With regard to the fee for her services, the production manager for Morgan's Ferry explained that the $2500 fee was based on a five day shooting schedule because of uncertainty as to how many days of shooting would be needed to capture all the scenes involving the mule. When additional days became necessary, Rudd required additional payment for her time and the use of the mule, at a rate of $450 per day. There was no evidence that Rudd agreed to supply an unlimited number of days of service for $2500. We agree

with the district court's conclusion that "there's no evidence to support a fraud claim or negligent misrepresentation claim."

Finally, our review of the record convinces us that Morgan's Ferry's evidence of damages, an element of each cause of action, was insufficient. North Carolina law does not allow an award of damages based upon speculation or conjecture. *See Weyerhaeuser Co. v. Godwin Bldg. Supply Co.*, 234 S.E.2d 605, 607 (N.C. 1977).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*